## LATIOLAIS vs. RICHARD.

APPEAL from the court of the fifth district.

MATTHEWS, J. delivered the opinion of the court. The pres nt case presents a dispute concerning four a pents of land fronting on the bayou Vermillion, with the ordinary depth of forty, situated in a place called the Mauvaise prairie. The plaintiff obtained judgment in

*The bare circumstance of location can give no additional force to a claim in opposition to another originally stronger by its age and locality.*

WesternDist. the court below, from which the defendant ap-
*Sept., 1827.*
pealed.

LATIOLAIS
*vs.*
RICHARD.

*The opera-
tions of sur-
veyo s cannot
derogate from
claims to land
recognised by
the proper of-
ficers o' the
U. States.*

The evidences of title adduced on the part of the former, shew that he had acquired a right to eighteen arpents front on the bayou above stated, with the ordinary depth. The defendant shews a title to twenty arpents front, &c. on the said bayou.

Surveys of the claims of both parties are exhibited, purporting to have been made by a surveyor of the United States, in pursuance of certificates of confirmation issued by the land commissioners, and under orders of the principal deputy surveyor for the western district of the state of Louisiana, &c. Some time after the return of the survey made for the plaintiff, to the office of the principal deputy surveyor, and subsequent to his approval of the same, he (the plaintiff) disapproved of the manner in which his land had been located, as not being in conformity with his original titles.— These titles are supported by two *requetes* and orders of survey, one in favor of a person named Zerringue, and the other of Provost, who acquired the right of the former and transfer. red both it and his own to the appellee —The title or rather claim of Zerringue,

calls for the land of Fusillier, above on the bayou, and vacant or unappropriated land below. The *requete* of Provost requires as limits of the land petitioned for, the boundary of one Carrier below, and that of Zerringue above. The surveys of these claims were made for the benefit of the plaintiff under the inspection and instructions of his agent Francois Carmouche, (who figures as a principal witness in the cause) and were executed in such a manner as to unite them by limiting the lower on the line of Carrier, and running up the bayou for the quantity of eighteen arpents, the whole amount required to fill their measure. Thus executed, the extent of both the surveys (as it appears by the evidence of the cause) did not reach the limit of Fusillier's land, nor did that made under Zerringue's claim, include a field which he had cultivated, although it seems to have included the sight of his building at no great distance from the centre of the eight arpents as surveyed. Some time after the plats of survey, made in the manner and under the circumstances above stated, the defendant caused his claim to be located adjoining the upper limit of the plaintiff's land. These are the most important

LATIOLAIS
*vs.*
RICHARD.

facts, necessary to be noticed in the decision of the cause; and from which a sole question arises, whether the plaintiff can legally be permitted so to alter the location of his claims in such a manner as to recover from the defendant the land in dispute.

According to the whole evidence of the case no doubt can be entertained of the preference to which Zerringue's claim was entitled over that of the defendant, in its location, and that consequently the plaintiff who is now the proprietor thereof, might have caused it to be placed in such a manner as to have embraced the land claimed in the present suit.

It is believed that the alteration required by him ought to be permitted unless it has a direct tendency to invade the rights of the defendant legally acquired and vested. We must therefore inquire into the title set up in his defence. This is similar to that of the plaintiff, except that it is a later date and did not call for the place in which it has been located. The bare construction of its location can give it no new or additional force in opposition to a claim stronger originally by its greater age and definite locality. The operations of the surveyors ought not to be allowed to add to or derogate

from rights and claims of individuals, to land as recognised by the proper officers of the government of the United States. The order of the principal deputy surveyor, in pursuance of which the claims of the defendant seems to have been located, cannot impair the right of the plaintiff. The surveys made and returned by Johnston, the deputy surveyor, apparently executed under the directions of an agent authorised by the appellee and acquiesed in by the latter for some time, may be considered as having been made in error, and ignorance of facts, which would have justified him in requiring a different location of the claim derived from Zerringue, and such as he now insists on.

*Western Dist. Sept. 1827.*

LATIOLAIS
vs.
RICHARD.

It is therefore ordered, adjudged and decreed, that the judgment of the district court, be affirmed with costs.

*Brownson* for the plaintiff, *Simon & Markham* for the defendants.